Michael J. Perry, Esq. (State Bar No. 123214)
A Professional Law Corporation
mjp@michaeljperrylaw.com
4640 Admiralty Way, Suite 500
Marina del Rey, CA 90292
Telephone:  310.496.5710
Fax:  310.362.4527

Attorneys for Plaintiff
Frank Mechaly

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WEST DISTRICT

| | |
|---|---|
| FRANK MECHALY, an individual; | CASE NO.: |
| | |
| Plaintiff, | COMPLAINT FOR: |
| | |
| vs. | 1) FRAUD-INTENTIONAL MISREPRESENTATION; |
| | 2) FRAUD-NEGLIGENT MISREPRESENTATION; |
| DANIEL SCHMITT & CO., a Missouri Corporation; and DOES 1 through 20, inclusive; | 3) BREACH OF WARRANTY; and |
| | 4) FALSE ADVERTISING (Bus. & Prof. Code §17500); |
| Defendants. | |

1

COMPLAINT

Plaintiff, Frank Mechaly, complains and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Frank Mechaly ("Plaintiff") is an individual domiciled in and residing in the City of Beverly Hills (90210), County of Los Angeles, State of California. The financial injuries that Plaintiff suffered occurred in Beverly Hills, California.

2.      Plaintiff is informed and believes, and thereon alleges that Defendant Daniel Schmitt & Co. ("Defendant Schmitt") purports to be a corporation operating under the laws of the State of Missouri, with its principal place of business in the City and County of St. Louis, State of Missouri.

3.      Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such defendants.

4.      Plaintiff is informed and believe and thereon allege that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency.

COMPLAINT

5.     This Court has subject matter jurisdiction over the claims alleged below under 28 U.S.C. §1332(a)(1)(2) as the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states within the United States in that Plaintiff is a citizen and is domiciled in the State of California  and Defendant is a corporation that is a citizen of the state of Missouri; and, over the other claims alleged below pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), since they are so related to other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper under 28 U.S.C. §§1391(b) and (c) since Plaintiff is domiciled and may be found in this Central District of California, Defendant Schmitt does business in this District, and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, where the misrepresentations by Defendant Schmitt were made, and where the below described Ferrari is currently situated.

7.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Cross-Defendants designated herein as a fictitiously named Defendant is, in some manner,

COMPLAINT

responsible for the events and happenings referred to, either contractually or tortuously.

8.     This action is not subject to the provisions of § 2981, et seq., or § 1801, et seq., of the California Civil Code.

9.     Plaintiff is informed and believes, and thereon alleges, that each of the -Defendants was, at all times pertinent hereto, the agent, servant, employee, joint venturer, and/or partner of each of the other co-Cross-Defendants, and in doing the things alleged hereinafter, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification whether said authority was actual or apparent.

## COMMON ALLEGATIONS

10.     Defendant Schmitt advertises itself as "selling premium collector cars throughout the world" and "many classic and investment cars are sold online."

11     Plaintiff is informed and believes and thereon alleges that Defendant Schmitt sells used luxury high-end sports and collector cars throughout the United States, including California.

12.     Plaintiff is informed and believes and thereon alleges that Defendant Schmitt's business in California is so substantial and continuous that justice allows the exercise of jurisdiction even for claims not arising from Defendant Scmidt's contacts with the state of California.

COMPLAINT

13.    At all times material hereto, Defendant Schmitt knew that the end-user and lessee of the Ferrari in connection with the transaction at issue in this lawsuit would be Plaintiff, who resides and is domiciled in California and that the Ferrari would be stationed and used in California. Indeed, Defendant Schmidt negotiated the sale of the Ferrari to Putnam Leasing with Plaintiff while he was residing in California. Thus, Defendant transacted business in the State of California in connection with the sale of the Ferrari.

14.    The transaction utilized a "middleman", Putnam Leasing, who actually purchased the Ferrari at Plaintiff's request, and Putnam in turn leased the Ferrari to Plaintiff, with Plaintiff's option to buy the Ferrari from Putnam at the end of the lease.

15.    Putnam Leasing is not a party to this lawsuit.  Its main office is in Bridgeport, Connecticut, but it has representatives located in California, including Los Angeles County.

16.    All material terms, especially the price for the Ferrari were negotiated directly between John Sherman, the salesman for Defendant and Plaintiff by means of telephone, text messages, and email, while Plaintiff was located and residing in California

17.    Based on the foregoing, Defendant Schmitt has purposefully availed itself of the forum benefits of California; the controversy at issue in this lawsuit is related to or arises out of Defendant Schmidt's contacts with California, and the

COMPLAINT

assertion of personal jurisdiction would comport with fair play and substantial justice.

18.    In March 2022. Plaintiff, while located in Los Angeles, California, was directed to Defendant Schmitt's website and in particular, said Defendant's web page identifying and showing a 1984 red Ferrari Coupe, Model 512 BB1 for sale ("Ferrari"). A copy of the web page for the Ferrari is appended hereto as Exhibit 1 ("Webpage").

19.    The Webpage represented in writing and warranted, inter alia, as follows:

- The Ferrari was in spectacular condition;

- The Ferrari could not be distinguished from a new Ferrari;

- The Ferrari drives and performs as a new Ferrari;

- The Ferrari had extensive service records and a history of extensive maintenance; and

- The Ferrari had only 5,534 actual miles of driving (the foregoing written representations are collectively referred to as the Representations.")

20.    In reliance on the Representations, Plaintiff entered a loan transaction with Putnam, whereby Putnam purchased the Ferrari from Defendant Schmitt for $332,855 (which included a $20,000 payment by Plaintiff to Defendant Schmitt) and Plaintiff leased the Ferrari from Putnam by paying it: (a) a down payment of

COMPLAINT

$85,500; (b) paying Putnam $6,898.50 for the first month on March 25, 2022; and (c) and then $3,449.25 per month for 58 consecutive months for a total monthly payments of $206,955, with Plaintiff having the right to purchase the Ferrari for $127,500 at the end of the lease (collectively, the "Transaction"). A true and correct copy of the lease is appended hereto as Exhibit 2.

21.    In late April 2022,  after the Transaction closed and the Ferrari was delivered to Plaintiff,  Plaintiff discovered that the Representations were false, as described below. Defendant offered to take the Ferrari back, but only with it still earning a profit on the Transaction at Plaintiff's expense.

## FIRST CAUSE OF ACTION

## FOR INTENTIONAL MISREPRESENTATION

## AGAINST ALL DEFENDANTS

22.    Plaintiff realleges and incorporates Paragraphs 1 through 21, inclusive.

23,    The Representations were an important feature in Plaintiff causing Plaintiff to have Putnam buy the Ferrari from Defendant Schmitt and then Plaintiff leasing the Ferrari from Putnam.

24.    The Representations made by Defendant were each false.

25.    Defendant Schmitt knew the Representations were false or Defendant Schmitt made the Representations recklessly and without regard for their truth.

COMPLAINT

26.   The true facts were as follows:

- The Ferrari was not even remotely in spectacular condition;

- The Ferrari could be distinguished from a new Ferrari;

- The Ferrari did not drive and perform as a new Ferrari; and

- The Ferrari did not have extensive service records and any provable history of extensive maintenance; and

- The Ferrari had apparently more than 5,534 actual miles of driving

27.   Defendant intended that Plaintiff rely on the Representations and, inter alia, enter into the Transaction, including leasing the Ferrari from Putnam.

28.   Plaintiff reasonably relied on Defendant Schmitt's Representations as Defendant is well known throughout the United States as a long-time seller of premium collector cars and that many of their classic cars are sold online.

29.   At all relevant times at and before the Parties entered into the Transaction, Plaintiff was ignorant of the true facts; and further, had Plaintiff known the true facts, it would not have entered into the Transaction.

30.   As a direct and proximate result of Defendants' acts as hereinabove alleged, Plaintiff has been damaged generally and specially in a sum of about $135,000, to restore the Ferrari to the condition it should have been as advertised and for transportation costs, according to proof at trial. This includes monies spend by Plaintiff in fixing and transporting the Ferrari.

COMPLAINT

31.     Plaintiff is informed and believes and thereon alleges that Defendant willfully engaged in the conduct herein alleged with malice, fraud and oppression, without excuse or justification, and with the specific intent to injure Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages against Defendants, and each of them, in a sum to be proven at trial.

## SECOND CAUSE OF ACTION

## FOR NEGLIGENT MISREPRESENTATION

## AGAINST ALL DEFENDANTS

32.     Plaintiff realleges and incorporates Paragraphs 1 through 31 as though fully set forth herein.

33.     The Representations were false.

34.     Defendant Schmitt had no reasonable grounds for believing the Representations was true when they made it;

35.     Defendants intended that Plaintiff rely on the Representation and enter into the Transaction and spend monies fixing and transporting the Ferrari.

36.     The true facts were as follows:

- The Ferrari was not even remotely in spectacular condition;

- The Ferrari could be distinguished from a new Ferrari;

- The Ferrari did not drive and perform as a new Ferrari;

COMPLAINT

- The Ferrari did not have extensive service records and any provable history of extensive maintenance; and

- The Ferrari apparently had more than 5,534 actual miles of driving

37.     Defendant intended that Plaintiff rely on the Representations and, inter alia, enter into the Transaction, including leasing the Ferrari from Putnam.

38.     Plaintiff reasonably relied on Defendant Schmitt's Representations as Defendant is well known throughout the United States as a long-time seller of premium collector cars and that many of their classic cars are sold online.

39.     At all relevant times at and before the Parties entered into the Transaction, Plaintiff was ignorant of the true facts; and further, had Plaintiff known the true facts, it would not have entered into the Transaction.

40.     As a direct and proximate result of Defendants' acts as hereinabove alleged, RWB has been damaged generally and specially in a sum of about $135,000, to restore the Ferrari as advertised plus transportation costs, according to proof at trial. This includes monies spent by Plaintiff in repairing the Ferrari (to make it as advertised by Defendant).

41.     Plaintiff is informed and believes and thereon alleges that Defendant willfully engaged in the conduct herein alleged with malice, fraud and oppression, without excuse or justification, and with the specific intent to injure Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages against

COMPLAINT

Defendants, and each of them, in a sum to be proven at trial.

## THIRD CAUSE OF ACTION

## FOR BREACH OF WARRANTY IMPLIED BY CONDUCT AND

## CONFIRMED IN WRITING [*Comm. Code §2207*]

## AGAINST ALL DEFENDANTS

42.   Plaintiff realleges and incorporates Paragraphs 1 through 41 as though fully set forth herein.

43.   Plaintiff fully and in all things performed his obligations in the Transaction, except for those obligations excused by operation of law, conduct and/or the terms thereof as part of the course of conduct or personal understanding between Plaintiff,  Defendant Schmitt,  and Putnam, so that Defendant Schmitt voluntarily accepted consideration with the expectation on both Plaintiff's, Putnam's, and Defendant's parts that Plaintiff would receive the Ferrari that conformed to the Representations.

44.   Defendant's breach its warranty to Plaintiff as its warranty based on the Representations was false in every respect.

45.   As a direct and proximate result of Defendant Schmitt's breach of warranty, Plaintiff has suffered damages of about $135,000, according to proof at trial, plus interest at the statutory rate.

## FOURTH CAUSE OF ACTION

## FALSE ADVERTISING UNDER CAL. BUS. & PROF. Code §17500)

## AGAINST ALL DEFENDANTS

46.   Plaintiff realleges and incorporates Paragraphs 1 through  45 as though fully set forth herein.

11

COMPLAINT

47.     On its website, Defendant Schmitt advertised the Ferrari with the Representations, which were false.

48.     Plaintiff is informed and believes and thereon alleges that a significant portion of the general consuming public, acting reasonably, could be misled by this advertising. The advertising implies that, the Ferrari was like a new Ferrari, which it was not.

49.     Plaintiff is informed and believes and thereon alleges that, in truth, the Ferrari was a well-worn used and old sports car in need of numerous repairs.

50.     Plaintiff actually was deceived by Defendant's advertising. He went to Defendant believing that it was a premier dealer of premium collector cars throughout the world.  However, to his detriment, Plaintiff discovered too late that Defendant Schmitt is not, as detailed above.

51.      As a direct and proximate result of Defendant's false advertising, as described above, Plaintiff paid money to Defendant transferred to Putnam monthly lease payments and seeks restitution of monies paid.

52.     Plaintiff is informed and believes and thereon alleges that, unless Defendant, and its board members, officers, employees, agents, and all those acting in concert with them are restrained and enjoined from further acts of false advertising, members of the public will continue to be deceived and harmed and there will be a multiplicity of actions against Defendants, seeking damages and restitution.

COMPLAINT

53.     Plaintiff has incurred and will incur significant attorneys' fees in prosecuting this claim. Plaintiff is informed and believes and thereon alleges that: prosecution of this action will result in the enforcement of an important right affecting the public interest; a significant benefit to be conferred on the general public or a large class of persons; the necessity and financial burden of private enforcement are such as to make an award of attorneys' fees to Plaintiff appropriate; and such fees should not in the interests of justice be paid out of Plaintiff's recovery, if any.

WEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO ALL CAUSES OF ACTION:

1.     For a preliminary and permanent injunction restraining Defendants, and their board members, officers, employees, agents, and all those acting in concert with them from further acts of false advertising;

2.     For cost of suit incurred herein;

3.      For attorneys' fees pursuant to California Civil Code section 1780(e) and Code of Civil Procedure section 1021.5;

4.     For prejudgment interest; and

5.     For general and special damages in an amount of about $135,000, according to proof;

6.     For such other and further relief as to this Court may seem proper and

13

1 | just.

2

3 | DATED:  November 1, 2022.                    MICHAEL J. PERRY
                                                 A PROFESSIONAL LAW CORPORATION

4                                                /s/ Michael J. Perry

5                                                _____
                                                 MICHAEL J. PERRY
6                                                Attorneys for Plaintiff Frank Mechaly

7

8                           REQUEST FOR JURY TRIAL

9

10            Plaintiff requests a trial by jury in this action.

11

12

13 | DATED:  November 1, 2022.                    MICHAEL J. PERRY
                                                 A PROFESSIONAL LAW CORPORATION

14                                               /s/ Michael J. Perry

15                                               _____
                                                 MICHAEL J. PERRY
16                                               Attorneys for Plaintiff Frank Mechaly

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT